**Arlen Porter SMITH, Plaintiff— Appellant,**

v.

**David L. COOK; et al., Defendants— Appellees.**

No. 04–35249.

D.C. No. CV–00–01533–AJB/DJH.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Arlen Porter Smith, an Oregon state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging defendants used prison disciplinary procedures to retaliate against him and obstruct his access to courts. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, and we may affirm on any grounds supported by the record. *Enlow v. Salem–Keizer Yellow Cab Co.,* 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Smith's retaliation claim because he did not raise a genuine issue of material fact as to the legitimate

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

penological grounds for his transfer or the seizure of legal documents. *See Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam) (retaliation claim requires prisoner to show that action does not further any legitimate penological goal); *see also Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (conclusory allegations of an affidavit insufficient to establish triable issue). Summary judgment was also proper with regard to Smith's access to courts claim because he did not raise a genuine issue of material fact as to how his transfer to a nearby prison with similar legal facilities or the seizure of other inmates' legal documents caused an actual injury to a non-frivolous claim. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court did not abuse its discretion in denying further discovery as Smith did not show how further discovery would have precluded summary judgment. *See Byrd v. Guess,* 137 F.3d 1126, 1135 (9th Cir.1998).

Smith's remaining contentions lack merit.

AFFIRMED.